JOHN DOLAN *vs.* PATRICK HUGHES.

PROVIDENCE—MAY 5, 1898.

PRESENT : Stiness, Tillinghast and Rogers, JJ.

A. was employed by B. under a contract with no time limit ; C. held a recorded assignment of the wages of A., covering the term of one year, and founded on an indebtedness from A. to C., the whole of which had not been paid at the date of the attachment in the present suit; A. drew his wages on an order from and paid them over to C. :—

*Held*, that in so drawing these wages A. acted as the agent of C., and the order given did not make the assignment void.

*Quære*, whether the fact of drawing wages in this manner, without explanation as to the disposition of them, would not be *prima facie* evidence of fraud ; but when they are fully and immediately paid over to the assignee fraud cannot be properly inferred.

The presumption of law is in favor of the validity of such an assignment, and of the good faith of the transactions thereunder, and there must be proof of fraud before the court can decide against them.

The fact that a contract of employment is silent as to the time of its duration does not affect the right of the employee to assign the wages arising under the contract.

If such hiring be by the day it is not necessarily for a single day, but is a continuous hiring by the day so long as the contract continues.

Assumpsit. Heard on defendant's petition for a new trial. arising on the question of charging a garnishee.

TILLINGHAST, J. This case is before us on exceptions to the rulings of the Common Pleas Division, whereby the Riverside Woolen Mills was charged as garnishee. The record shows that the defendant was in the employ of said Riverside Mills at the time of the attachment of his wages, on November 5, 1897, and that the sum of $13.02 of his earnings was then in its hands. It also shows that prior to said attachment, viz., on the 24th day of November, 1896, the defendant, for a valuable consideration, had assigned his wages to one John F. Fogarty for the period of one year, and that said assignment was duly recorded; that at the time of the making of the assignment the defendant was indebted to said Fogarty, and continued to be and still is indebted to him for groceries and other necessaries furnished to him and his family, and that he was so indebted at the time of the service of the writ in this case. It further appears that said Fogarty, assignee, never personally drew the defendant's wages, but that the same were drawn by the defendant upon orders given by the assignee for that purpose, and that all the moneys so collected were immediately paid over by the defendant to the assignee.

In view of these facts, the Common Pleas Division held that, as the assignee did not personally draw the defendant's wages, but permitted the defendant to draw the same, the assignment was fraudulent and void. The court also held that, there being no evidence of any time contract between the defendant and the garnishee, the defendant is presumed to have been hired by the day, and hence had nothing assignable to set over to the claimant.

We think the court erred in its decision. The mere fact that the wages were drawn or collected by the defendant, in the manner aforesaid, did not, in our opinion, render the assignment fraudulent and void. In thus drawing his wages the defendant was simply acting as the agent or messenger of the assignee. That the latter could have authorized any

other person than the defendant to draw the wages for him will not be questioned. Why could he not as well confer this power on the defendant as upon any other person ? If it be answered that to do so would furnish opportunity for fraud as between the assignor and assignee, by enabling a debtor to prevent other creditors from attaching the money, we reply that while this may be so, and while we might perhaps be inclined to hold that where the assignor is allowed to draw wages thus assigned, without explanation as to the disposition thereof, it would afford *prima facie* evidence of collusion and fraud, yet when it appears, as it does in this case, that the wages drawn by the assignor were immediately and fully paid over to the assignee, we fail to see that fraud can properly be inferred. The presumption of law is in favor of the validity of the assignment and of the good faith of the transactions thereunder, and they must be proved to have been fraudulently made before the court can decide against them. *Johnson* v. *Thayer*, 17 Me. 403; *Adams* v. *Robinson*, 1 Pick. 461; Drake on Attachment, § 615; Shinn on Attachment and Garnishment, § 114. The case is different from that of *Hickey* v. *Ryan*, 19 R. I. 399, cited by plaintiff, where it appeared that the assignee returned to the defendant about one-half of the wages earned by him each week, which conduct was held to be fraudulent as against other creditors.

As to the second ground upon which the Common Pleas Division held that the assignment was invalid, we are of opinion that it is not tenable. Gen. Laws R. I. cap. 254, § 28,[1] recognizes the validity of an assignment of future earnings when made and recorded in accordance therewith; and this court has repeatedly held such an assignment to be good. *Tierney* v. *McGarity*, 14 R. I. 231; *Kennedy* v. *Tiernay*, 14 R. I. 528; *Chace & Son* v. *Duby*, 20 R. I. 463. It is true that in the case at bar the record does not show the terms

---

[1] Sec. 28. No assignment of future earnings shall be valid, excepting as between the parties thereto, until the same has been recorded in a book to be kept for that purpose in the office of the recorder of deeds, if there be one, otherwise in the office of the clerk of the town or city in which the assignor resides, if a resident of this state, or in which he is employed, if not a resident of this state.

of the hiring; but it does show that the defendant was in the employ of the garnishee and had been for a considerable period of time, and that his wages were payable weekly. In other words it appears that there was a present subsisting contract between the defendant and the garnishee at the time of the making of the assignment, and that out of that contract an indebtedness did in fact arise upon which the assignment could operate.  It is not the case of a mere possibility of future indebtedness, without any subsisting engagement upon which it shall accrue (see assignment in *Kennedy* v. *Tiernay*, *supra*), but the case of both an actual and a possible debt arising and contingently to arise out of a subsisting contract.  And, this being so, we do not see that it is material whether it was a contract to work by the day, by the week, or otherwise.  If it was a hiring by the day, as the Common Pleas Division decided, then it was evidently not for a single day, but was a continuous hiring by the day so long as the contract of hiring continued.

In McConnell on Trustee Process, § 209, the law is summarized as follows:  " The contract of employment need not cover a fixed time.  A hiring is all that is necessary, even though the employee may leave, or the employer may discharge at any time.  Nor need the hiring be for a regular salary.  A hiring by the piece will be sufficient, although the wages vary in amount from month to month.  And the same rule applies where the assignor works by the day, but his wages are paid monthly.  And so the contract may be defeasable or avoidable; in such case, it will be valid until defeated by some act of the parties.  And although wages may be conditional or uncertain as to amount, or contingent, still they may be assigned."

*Garland & Harrington* v. *Morrissey*, 51 N. H. 409, and *Lannan* v. *Smith*, 7 Gray, 150, were cases where the hiring was by the day, and it was held in each of them that the wages were assignable.

We therefore decide that the assignment in question was effectual to convey the wages of the defendant to said Fogarty, and hence that the garnishee should be discharged.

.The case is remitted to the Common Pleas Division for further proceedings, in accordance with this opinion.

*C. Slocum Smith,* for plaintiff.

*William F. Barry,* for defendant.